UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLGA HERNANDEZ, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:15-CV-2337-M-BK |
| | § | |
| SETERUS, INC. | § | |
|       Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the district judge's *Order of Reference*, this case was referred to the magistrate judge for pretrial management. The case is now before the Court on Defendant's *Motion for Summary Judgment*. Doc. 17. For the reasons that follow, the motion should be **GRANTED**.

A. Procedural History

Plaintiff filed this action in state court related to foreclosure proceedings on the real property located at 11505 Webb Chapel Road, Dallas, Texas 75229 (the "Property"). Doc. 1-1 at 5. In her petition, Plaintiff alleges that the September 2014 foreclosure sale of the Property was wrongful because Defendant ("Seterus") failed to abide by regulations set out by the Consumer Financial Protection Bureau (the "CFPB") and in the Fair Debt Collection Practices Act. For these alleged wrongs, Plaintiff seeks an order setting aside the foreclosure sale and granting her clear title to the Property, among other things. Doc. 1-1 at 5-11.

Seterus removed the case to this Court based on both diversity and federal question jurisdiction and moved for summary judgment. Doc. 1 at 2-6. When Plaintiff did not respond to the motion, the Court issued an *Order to Show Cause* for the failure. Doc. 24. Counsel responded that Plaintiff has claims against parties not named in this lawsuit whom he intends to sue on

Plaintiff's behalf.  In particular, counsel states that Seterus is an agent of the Federal National Mortgage Association ("Fannie Mae"), which owned Plaintiff's loan, and was therefore the party that violated the CFPB regulations.  Doc. 25 at 1-2.

Counsel also states that Plaintiff has a claim to the return/refund of surplus proceeds from the foreclosure sale in the amount of $61,000, and those funds are in the custody of the trustee who conducted the sale.  Doc. 25 at 2.  As such, Plaintiff's counsel asserts that he anticipates pursuing claims against these parties who are capable of satisfying all of Plaintiff's claims.  Doc. 25 at 2.  Based on that assessment, counsel avers that he elected not to contest Defendant's pending summary judgment motion.  Doc. 25 at 2.  Plaintiff requests, however, that any dismissal or judgment in this case be rendered without her being ordered to pay Defendant's attorneys' fees and costs, asserting that the loss of her home and equity has rendered her incapable of satisfying any such obligation.  Doc. 25 at 2.

### B. Applicable Law

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment.  *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed.  *Id.*  Summary judgment must be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  Failure to contest the dismissal of a claim on summary judgment results in waiver of the claim.  *Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 474 n.21 (5th Cir. 2006).

### C. Uncontroverted Facts

Defendant's summary judgment evidence establishes that on or about March 21, 2003, Plaintiff purchased the Property with the proceeds of a loan for which she executed a Note for $62,100, payable to GreenPoint Mortgage Funding, Inc., and a Deed of Trust on the Property as security.  Doc. 19-1 at 8-31.  The Note was subsequently transferred to Fannie Mae and its Successors and/or Assigns; Fannie Mae is also the holder of the Deed of Trust.  Doc. 19-1 at 3-4, 33-34.  In June 2013, after Plaintiff fell behind on her loan payments, Seterus, as Fannie Mae's servicing agent, mailed Plaintiff a Notice of Default.  Doc. 19-1 at 47-49.  Plaintiff was also offered an opportunity to apply for a loan modification, but when she failed to complete the process, her application was denied.  Doc. 19-1 at 53-105.  By letter dated July 23, 2014, Plaintiff was advised of the acceleration of the Note and that a trustee's foreclosure sale was scheduled for September 2, 2014.  Doc. 19-1 at 108-111.  On September 2, 2014, the Property was sold at a trustee's sale for $91,000.  Doc. 19-1 at 112-118.

### D. Analysis

By its *Motion for Summary Judgment*, Seterus "seeks dismissal of all of Plaintiff's claims against it because Plaintiff's claims fail as a matter of law."  Doc. 18 at 8.  Seterus' evidence shows that it is entitled to judgment in its favor.  Moreover, Plaintiff's response to the *Order to Show Cause* and decision not to contest the entry of summary judgment in this case clearly waive any claims she may have asserted against Seterus.  Doc. 25 at 1-2.  Consequently, the Court should enter summary judgment in Seterus' favor.  See *Fields v. JP Morgan Chase Bank*, No. 14-CV-012-A, 2014 WL 5472449, at *1, 7 (N.D. Tex. Oct. 29, 2014) (McBryde, J.) (granting summary judgment motion in its entirety where plaintiffs had expressly waived some claims and

maintained others); *Heaven v. Chase Home Fin., LLC*, No. 08-CV-1872-L, 2009 WL 3163546, at *3 (N.D. Tex. Sept. 30, 2009) (Lindsay, J.) (holding that there was no genuine issue of material fact with respect to any of plaintiff's claims because she had released all causes of action before she filed suit, thereby barring her claims); *Griffith v. Novation, LLC*, No. 04-CV-2059-D, 2006 WL 1374017, at *1 (N.D. Tex. May 18, 2006) (Fitzwater, J.) (finding that defendant was entitled to summary judgment because plaintiff knowingly and voluntarily waived her discrimination claim by accepting a severance package that contained a written waiver); *Ladapo v. City of Dallas*, No. 96-CV-1791-G, 1997 WL 600696, at *3 n.1 (N.D. Tex. Sept. 19, 1997) (Fish, J.) (holding that entry of summary judgment was proper as to a claim that plaintiff had waived in her response to defendant's summary judgment motion), *rev'd on other grounds*, 158 F.3d 583, at *1 (5th Cir. Aug. 1, 1998).

### E.  Conclusion

For the reasons set forth above, Defendant's *Motion for Summary Judgment*, Doc. 17, should be **GRANTED**, Plaintiff's claims should be **DISMISSED WITH PREJUDICE**, and this case should be **CLOSED**.

**SO RECOMMENDED** on February 22, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE